IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**VERNON P. TURNER,**

          **Petitioner,**

    v.              CASE NO. 22-3257-JWL-JPO

**STATE OF KANSAS,**

          **Respondent.**

## MEMORANDUM AND ORDER

On October 13, 2022, Petitioner Vernon P. Turner, a state pretrial detainee, filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) and a motion for leave to proceed in forma pauperis (Doc. 2). Neither the petition nor the motion was on the required court-approved forms. Thus, the same day, the Court mailed Petitioner the forms and a notice explaining that Petitioner must re-submit his petition and motion on the court-approved forms "within thirty (30) days of this Notice." (Doc. 3.) The notice further explained to Petitioner: "If you fail to comply within the prescribed time, the Judge presiding over your case will be notified of your non-compliance, and this action may be dismissed without further notice for failure to comply with this court order." *Id.*

The deadline for Petitioner to respond to the Court's order has now passed with no response from Petitioner. Federal Rule of Civil Procedure 41(b) allows the Court to dismiss an action "[i]f the plaintiff fails to prosecute or comply with these rules or a court order." Fed R. Civ. P. 41(b). Based on Petitioner's failure to resubmit his petition and motion to proceed in forma pauperis on court-approved forms as directed in the notice, the Court will dismiss this matter without prejudice under Rule 41(b). The motion to proceed in forma pauperis (Doc. 2) will be denied as moot.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability (COA) upon entering a final adverse order.

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is dismissed without prejudice under Federal Rule of Civil Procedure 41(b). The motion to proceed in forma pauperis (Doc. 2) is denied as moot. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 21st day of November, 2022, at Kansas City, Kansas.

S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge